UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOMEDIRECT, INC.<br><br>Plaintiff,<br><br>v.<br><br>H.E.P. DIRECT, INC.,<br><br>Defendant. | Case No.<br><br>FILED: JULY 23, 2008<br>08CV4176<br>JUDGE DER-YEGHIAYAN<br>MAGISTRATE JUDGE COX<br>TG |

## COMPLAINT

Plaintiff HomeDirect, Inc. ("HomeDirect" or "Plaintiff"), by and through its attorneys, Bryan Sugar and Jamie Robinson, Ungaretti & Harris LLP and for its Complaint against H.E.P. Direct, Inc. ("HEP" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action to recover for damages caused by and to prevent further damage arising from the false advertising, deceptive trade practices, unfair competition, and other relief arising under the unfair competition laws of the United States of America, including 15 U.S.C. § 1051 *et seq.* (the "Lanham Act") and the statutory and common law of the State of Illinois.

## PARTIES

2.      HomeDirect, Inc. is a transportation company specializing in the home delivery of consumer products, with a principal place of business in Hillside, Illinois.

3.      Defendant HEP is a North Carolina corporation headquartered at 2020 Logan Street, High Point, NC 27264. HEP is a direct competitor of HomeDirect.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction because this is a civil action arising under the United States Trademark Act, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1125

and 28 U.S.C. §§ 1331, 1332, and 1338. This Court has supplemental jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1367.

5.　　Venue is proper in this judicial District in accordance with 28 U.S.C. § 1391(b) because Plaintiffs' claims arise in this judicial District, each party does business in this judicial District, the witnesses and evidence are located in this judicial District, and a substantial part of the events or omissions that give rise to this claim have occurred within this judicial District.

**FACTUAL BACKGROUND**

6.　　HomeDirect and HEP are both engaged in the business of in-home, white glove, big box furniture delivery.

7.　　HomeDirect offers its services nationally through a network of independent agents.

8.　　HEP also offers its services nationally, but uses employees for its delivery services.

9.　　In June, 2008, HomeDirect became aware that an HEP employee disseminated an email to one or more clients of HomeDirect that contains false, disparaging, and unsubstantiated statements regarding the quality of HomeDirect's services as well as the level of experience of HomeDirect agents. A copy of the text contained in the email is attached as Exhibit 1.

10.　　The statements were made with knowledge that the statements were false or with reckless disregard for whether the statements were false.

11.　　The statements were made maliciously and with the intent to harm HomeDirect and to interfere with HomeDirect's relationships with its clients.

12.　　Defendant's unlawful conduct has caused damage and irreparable injury to HomeDirect, and further damage and irreparable injury will result if HEP is allowed to continue to violate HomeDirect's rights.

13.　　The acts of HEP are unlawful, willful and knowingly performed with the intent and result of injuring HomeDirect.

## FIRST CLAIM FOR RELIEF

### (False Advertising/15 U.S.C. § 1125(a))

14. Plaintiff incorporates herein the allegations contained in Paragraphs 1 through 13 as though set forth in full.

15. The email disseminated by HEP to one or more clients of HomeDirect is an advertisement which contains false, disparaging, and misleading statements regarding the quality of HomeDirect's services as well as the level of experience of HomeDirect agents.

16. Defendant caused the advertisement to enter into interstate commerce.

17. The statements made by HEP misrepresent the quality of HomeDirect's services.

18. The misrepresentations in the advertisement is material in that it is likely to influence purchasing decisions of consumers seeking furniture home delivery services.

19. Defendant's aforesaid wrongful acts constitute false advertising in violation of the United States Trademark Act, 15 U.S.C. § 1125(a), thereby entitling Plaintiffs to equitable relief, as prayed for herein, and damages according to proof to the fullest extent allowed by law.

## SECOND CLAIM FOR RELIEF

### (State Law Deceptive Trade Practices)

20. Plaintiff incorporates herein the allegations contained in Paragraphs 1 through 19 as though set forth in full.

21. Defendant's aforesaid acts constitute deceptive trade practices in the course of Defendant's business in violation of the Illinois Deceptive Trade Practices Act (IDTPA), 815 Ill. Comp. Stat. 510/1 *et seq.*, thereby entitling Plaintiff to equitable relief, as prayed for herein, and restitution according to proof to the fullest extent allowed by law.

## THIRD CLAIM FOR RELIEF

### (Common Law Unfair Competition)

22. Plaintiff incorporates herein the allegations contained in Paragraphs 1 through 21 as though set forth in full.

23. Defendant's aforesaid acts constitute unfair competition in violation of the common law of the State of Illinois, thereby entitling Plaintiff to equitable relief, as prayed for herein, and damages according to proof to the fullest extent allowed by law.

## FOURTH CLAIM FOR RELIEF

### (Common Law Defamation *per se*)

24. Plaintiff incorporates herein the allegations contained in Paragraphs 1 through 23 as though set forth in full.

25. Defendant's statements are false and impugn HomeDirect's reputation related to its ability to perform the services it provides.

26. Defendant's statements were made with knowledge of their falsity or with reckless disregard for their falsity.

27. Defendant's statements were published to a third party.

28. Defendant's statements have caused HomeDirect to suffer damages.

29. Defendant's aforesaid acts constitute defamation *per se* pursuant to Illinois common law thereby entitling HomeDirect to equitable relief, as prayed for herein, and damages according to proof to the fullest extent allowed by law.

## FIFTH CLAIM FOR RELIEF

### (Common Law Commercial Disparagement)

30. Plaintiff incorporates herein the allegations contained in Paragraphs 1 through 29 as though set forth in full.

31. Defendant's statements are false and demeaning statements regarding the quality of HomeDirect's services.

32. Defendant's statements were made maliciously and with the intent to harm HomeDirect.

33. Defendant's statements were published to a third party.

34. Defendant's statements have caused HomeDirect to suffer damages.

35. Defendant's aforesaid acts constitute commercial disparagement pursuant to Illinois common law thereby entitling HomeDirect to equitable relief, as prayed for herein, and damages according to proof to the fullest extent allowed by law.

WHEREFORE, Plaintiff prays that this Court enter the following judgment and order:

A. That Defendant, its officers, directors, agents, servants, employees, successors, distributors, assigns and attorneys, and those controlled by or in active concert or participation with them, be permanently enjoined and restrained from:

(1) distributing or making false and misleading statements regarding the quality of HomeDirect's services;

B. That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

(1) All profits received by Defendant from sales and revenues of any kind made as a result of its acts of false advertising, and unfair competition said amount to be trebled due to Defendant's willful actions;

(2) All damages sustained by Plaintiff as a result of Defendant's actions, said damages to be trebled due to Defendant's willful actions; and

(3) Punitive damages;

C. That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D.      That, because of the exceptional nature of this case resulting from Defendant's deliberate and willful acts of unfair competition, this Court award to Plaintiff all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117; and

E.      That Plaintiff shall have such other and further relief as this Court may deem just.

DATED: July 23, 2008

By: /s/ Jamie A. Robinson
Attorney for Plaintiff

BRYAN SUGAR (ARDC NO. 6276016)
JAMIE A. ROBINSON (ARDC NO. 6270503)
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
312.977.4400 (Telephone)
312.977.4405 (Facsimile)

1185862-v2                                6

# EXHIBIT A

**Shipping & Logistics Update - HEP DIRECT Delivery Times**
Here is the official HEP DIRECT statement regarding delivery times:
*HEP Direct strives to make deliveries within 7-14 business days from the date we receive and process an order if it is delivered from that facility. For orders that need to be transferred to the opposite coast for delivery we push for 14-28 days from receipt. Unfortunately there are times that logistical cycles do delay movement of orders and we constantly address these issues in order to streamline our processes to minimize these situations.*
*Just a side note. Our model is different than that of Home Direct in that we cater to in-home, white glove, big box furniture delivery. We specialize in providing a good customer service experience using only Hep Direct employees who are experienced in this line of work. Curbside models and movement of other freight than furniture along with the use of independent agents may allow for rapid delivery times (along with a high degree of damages) but fall short on the installation experience and level of service provided.*
As a reminder, Modloft offers drop-shipping as an optional service to our clients. We selected HEP Direct as our preferred logistics partner for our drop-shipping service, based on their immaculate delivery records. However, our clients have a choice whether to use our preferred carrier or to arrange their own transportation (pick up orders). Please note, once an order leaves our warehouse, we are not responsible for delivery times and any cancellations that occur during transit will result in a refund, minus shipping charges, round-trip.
Thank you,
Modloft Support